Ceco Steel Products Corporation, Appellant, v. Anna Couri, Appellee. M. E. Dornon and J. W. Fidler, Coparties.

Gen. No. 9,681.

Heard in this court at the May term, 1941. Opinion filed July 9, 1941. Rehearing denied August 25, 1941.

Morgan & Morgan, of Peoria, for appellant.

L. E. Sutherland, of Peoria, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

The Ceco Steel Products Corporation filed a suit in equity in the circuit court of Peoria county to enforce a mechanic's lien against real estate of Anna Couri in Peoria county. The pleadings are the ordinary ones in mechanic's lien cases. The petition alleged that the plaintiff had furnished material to Dornon and Fidler (the contractors), which was used in improving the property of the defendants, Edward Couri and Anna Couri. The petition alleged that the property in question had been enhanced in value $244.21, the amount of plaintiff's claim, and asked for a lien on said premises for the amount of the unpaid bill. The defendants, Dornon and Fidler did not answer the complaint and were defaulted. The defendants, Couri, filed an answer which did not deny any of the allegations of the complaint, but set forth the fact that the contractor had been paid in full before any notice had been served on them of plaintiff's claim. Later, the defendants filed an amended answer setting forth an affidavit which had been executed by Dornon. It is alleged that it was executed July 31, 1937, at the time of their payment to the contractor.

There is no dispute that the plaintiff delivered the materials in question to the contractor, and that the same were used in the construction of the building, or that the materials furnished enhanced the value of the premises to the amount of plaintiff's claim. The only question is whether the affidavit executed by M. E. Dornon at the time the Couris paid for the work on the building, is a sufficient compliance with the mechanic's lien statute, so as to bar the claim of the plaintiff for a lien. The affidavit is as follows:

"State of Illinois ⎱ ss.
County of Peoria ⎰

"M. E. Dornon, being first duly sworn on his oath, deposes and says that he is a co-partner with one J. W. Fidler, doing business as Standard Roofing & Siding Co. in the City of Peoria, State of Illinois.

"Affiant further says that they were the contractors on a certain job for Edward Couri and Anna Couri by furnishing asbestos shingles on the building owned by them at 1101 S. Jefferson Avenue, Peoria, Illinois, as well as the labor for said work; and that said co-partners agreed with said Edward Couri to furnish said material and do all the labor for the sum of Six Hundred ($600) Dollars, in the following manner: groceries, to the amount of One Hundred Twenty-five ($125) Dollars to be taken by us and the balance of Four Hundred Seventy-five ($475) Dollars in cash.

"Affiant further says that said co-partners finished the work on said building at 1101 S. Jefferson Avenue, Peoria, Illinois during the month of July, and that on July 31, 1937 the said Edward Couri paid us the sum of Four Hundred Seventy-five ($475) Dollars in cash and the balance of One Hundred Twenty-five ($125) Dollars we took from him, the said Edward Couri, in groceries and meats; that we have received from the said Edward Couri the full amount due us on said job, being for material and labor, and that there was nothing due us from the said Edward Couri on this 31st day of July, 1937.

"Affiant further says that the materials used on the said for said Edward Couri belonged to us and were our exclusive property, no one having any interest or claim therein, and that all the labor was paid by us.

"M. E. Dornon

"Subscribed and sworn to before me this 31st day of July, 1937.
(Seal)

"S. J. Couri."

The trial court held that this affidavit was sufficient, and was a compliance with the mechanic's lien statute. The sections of the lien statute involved in this proceeding are five and thirty-two. Section 32, chapter 82 Smith-Hurd's Illinois Statutes provides: "Wrongful payment of owner to contractor.—No payments to the contractor or to his order of any money or other considerations due or to become due to the contractor shall be regarded as rightfully made, as against the sub-contractor, laborer, or party furnishing labor or materials, if made by the owner without exercising and enforcing the rights and powers conferred upon him in sections five (5) and twenty-two (22) of this act." Section 5: "It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect or superintendent, shall pay or cause to be paid to said contractor or to his order any moneys or other consideration, due or to become due such contractor, or make or cause to be made to such contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names of all parties furnishing materials and labor, and of the amounts due or to become due each. Merchants and dealers in materials only shall not be required to make statements herein provided for."

It will be noted that in section 5 it says that the statement in writing shall contain, "The names of all parties furnishing materials and labor and the amount due to or become due each." The pertinent part of the affidavit it will be noted states: "affiant further says that the materials used for said Edward Couri belonged to us and were our exclusive property, no one having any interest or claim therein, and that all of the labor was paid by us." This is not a compliance with the statute. It is conceded that if the contractor would make a false affidavit and state that the sub-

contractors had been paid in full when they had not been so paid, unless there was reason for the owner of the property to suspect that it was false, or has knowledge that it was false, that the owner of the property would be protected. The appellant in this case concedes this to be the law and does not claim that the affidavit in question is false, but that when they sold the materials to Dornon and Fidler, the contractors, the title passed to them on the delivery of the materials, and the affidavit wherein it states that the materials used in the improvement of the property was the exclusive property of the contractors is true. The affidavit is defective in not stating from whom Dornon and Fidler purchased the material, and whether it had been paid for.

It is our opinion that the trial court erred in dismissing the petition of the plaintiff, and holding that the affidavit was sufficient, under the statute, to protect the defendant-owner, Anna Couri, from a lien. The judgment of the trial court is hereby reversed and the cause remanded with directions that an order be entered allowing the appellant's claim for a lien.

*Reversed and remanded with directions.*